Craig A. Stokes, Esq.
SBN 3894839
STOKES LAW OFFICE LLP
3330 Oakwell Court, Suite 225
San Antonio, Texas 78218
Telephone (210) 804-0011
cstokes@stokeslawoffice.com

*Attorneys for Plaintiff Circus Fruits Wholesale Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIRCUS FRUITS WHOLESALE CORP., <br><br> Plaintiff, <br><br> v. <br><br> ROCKLAND GREAT FARM & MARKET INC., a New York corporation; and, JENNIFER LEE, an Individual, <br><br> Defendants. | C.A. No.: 7:20-cv-00287-VB <br><br> **ORIGINAL COMPLAINT** |

Circus Fruits Wholesale Corp. ("Plaintiff" and/or "Circus Fruits"), for its Complaint against Defendants, alleges:

## JURISDICTION AND VENUE

1. The District Court has subject matter jurisdiction over this civil action arising under 7 U.S.C. § 499e(b)(2) ("liability may be enforced by … suit in any court of competent jurisdiction….") and 7 U.S.C. § 499e(c)(5) ("the several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust") of the PACA, pursuant to 28 U.S.C. § 1331 and because this matter involves the interpretation of a federal statute.

2. The District Court also has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1337 because PACA qualifies as an "Act of Congress regulating

commerce" and several of Plaintiff's claims herein arise under 7 U.S.C. § 499e(b)(2) and 7 U.S.C. § 499e(c)(5).

3. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a)

4. Venue in this district is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is or was situated within this district.

## PARTIES

5. Plaintiff is a New York corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce. At all times pertinent herein, Plaintiff was licensed as a dealer under the provisions of PACA.

6. Defendants are:

   a. Defendant Rockland Great Farm & Market Inc. (hereinafter referred to as "Rockland"), is a New York domestic business corporation with its principal place of business in Nanuet, New York, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA.

   b. Defendant Jennifer Lee ("Ms. Lee") was an officer, director and/or shareholder of Rockland during the period of time in question who controlled the operations of Rockland and was in a position of control over the PACA trust assets belonging to Plaintiff.

7. Rockland and Ms. Lee shall hereinafter collectively referred to as "Defendants."

8. At all times relevant hereto, Rockland was engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, is a "dealer" of Produce as defined by PACA.

9. At all times relevant hereto, Rockland was engaged in the business, directly or indirectly, of receiving in interstate or foreign commerce Produce for sale, on commission, or for or on behalf of another [e.g., Plaintiff], and, therefore, a "commission merchant" as defined by the PACA.

## GENERAL ALLEGATIONS

10. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

11. On August 6, 7 and 8, 2019, Plaintiff sold and delivered to Defendant, in interstate commerce three load of Produce totaling $21,481.00. Plaintiff Statement of Account and open invoices are attached hereto as Exhibit A.

12. Defendants have failed to pay for the produce when payment was due, despite repeated demands, and presently owe Plaintiff the aggregate amount of $21,481.00.

13. At the time of receipt of the produce, Plaintiff became the beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

14. Plaintiff preserved its interest in the PACA trust in the aggregate amount of $21,481.00 by sending invoices to Defendants containing the language required by 7 U.S.C.§

499e(c)(4) and remains a beneficiary until full payment is made for the produce. See Exhibit A, statement of account and open invoices.

15. Defendants have not disputed the debt in any way and have advised Plaintiff that they are unable to pay Plaintiff.

16. Defendants' failure, inability and refusal to pay Plaintiff, show that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## COUNT 1
## (FAILURE TO PAY TRUST FUNDS)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1to 16 above as if fully set forth herein.

18. The failure of Defendants to make payment to Plaintiff of trust funds in the aggregate amount of $21,481.00 from the statutory trust is a violation of the PACA and PACA regulations and is unlawful.

## COUNT 2
## (FAILURE TO PAY FOR GOODS SOLD)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendants failed and refused to pay Plaintiff the aggregate amount of $21,481.00 owed to Plaintiff for produce received by Defendants from Plaintiff.

## COUNT 3
## (UNLAWFUL DISSIPATION OF TRUST ASSETS
## BY A CORPORATE OFFICER – JENNIFER LEE)

21. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22. Defendant, Ms. Lee, was an officer and director and in a position to control the PACA trust assets belonging to Plaintiff during the time period in question.

23. Defendant Ms. Lee failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce they supplied.

24. Defendant Ms. Lee's failure to direct the corporation to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

25. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as beneficiary in the produce trust and has been denied payment for the produce they supplied.

## COUNT 4
## BREACH OF CONTRACT
## ROCKLAND

26. Plaintiff Plaintiff incorporates each and every allegation set forth in paragraph 1 to 25 above as if fully set forth herein.

27. Plaintiff and Rockland entered into a series of transactions, which are identified in Exhibit A.

28. Plaintiff delivered or otherwise caused all the Produce identified in Exhibit A to be delivered to Rockland and has satisfied all conditions of its contract with Rockland.

29. Rockland received and accepted all of the Produce identified in Exhibit A within the State of New York.

30. Rockland failed to reject or otherwise object to its receipt of any load of Produce identified in Exhibit A.

31. Rockland failed to pay or otherwise deliver good funds to Plaintiff for each of the 3 shipments of Produce identified in Exhibit A within the applicable payment terms that were in effect at the time of each transaction.

32. Upon information and belief, at all times relevant hereto, Rockland lacked the ability to pay its creditors in the ordinary course of business and was insolvent.

33. Plaintiff is an unpaid supplier of Produce holding Produce related invoices to Rockland that remain unpaid.

34. As a direct result of Defendant Rockland's breaches of contract, Plaintiff has incurred damages in an amount not less than $21,481.00, plus further interest and all costs of collection, including attorneys' fees, incurred in this action.

## COUNT 5
## (INTEREST AND ATTORNEY'S FEES)

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 234 above as if fully set forth herein.

36. As a result of Defendants' failure to make full payment promptly of the aggregate amount of $21,481.00, Plaintiff have lost the use of said money.

37. As a further result of Defendants' failure to make full payment promptly of the aggregate amount of $21,481.00, Plaintiff have been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their statutory duties.

38. PACA and the invoices of Plaintiff entitle Plaintiff to recover prejudgment interest at the rate of 16% per annum and attorney's fees incurred to collect any balance due from Defendants.

WHEREFORE, Plaintiff requests the following relief:

1. An order enforcing payment from the trust by requiring immediate payment of the total claim amount of $21,481.00 to Plaintiff;

2. Judgment against each of the Defendants, jointly and severally, in $21,481.00 under the trust provisions of the PACA;

3. Entering a Final Judgment in favor of Plaintiff and against Rockland for breach of contract in the current amount of not less than $21,481.00, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

4. Judgment against each of the Defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees.

Dated: January 9, 2020.

          Respectfully submitted,

          STOKES LAW OFFICE LLP

          By: _____
          Craig A. Stokes – SBN 3894839
          3330 Oakwell Court, Suite 225
          San Antonio, TX 78218
          Telephone (210) 804-0011
          Facsimile (210) 822-2595
          E-Mail cstokes@stokeslawoffice.com

Attorneys for Plaintiff
*Circus Fruits Wholesale Corp.*